IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STERLING D. WOOLFORD, SR.                                                                   PLAINTIFF

v.                              Civil No. 5:22-cv-05141

CIRCUIT COURT OF BENTONVILLE                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action brought by Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915A(b). Pursuant to § 1915A(b), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.    BACKGROUND**

According to the allegations of the Complaint (ECF No. 2), Plaintiff was falsely arrested and charged with second degree forgery. *Id.* at 4-5. Plaintiff was incarcerated in the Benton County Detention Center for approximately eight months. *Id.* at 5. As a result of the criminal charge, Plaintiff contends he became homeless; his family relations suffered; and his collateral was forfeited. *Id.* As relief, Plaintiff seeks compensatory damages. *Id.* at 6.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

A Circuit Court is not a person or a legal entity subject to suit under § 1983. *See e.g., Harris v. Missouri Ct. of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (A court is not a "person" within the meaning of the Civil Rights Act.). "Likewise, courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment." *Id*. Plaintiff's claims against the Circuit Court of Bentonville are subject to dismissal.

To allow an amendment in this case would be futile. Neither a circuit judge nor a prosecuting attorney is subject to suit. Both judges and prosecuting attorneys are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Imbler v. Pachtman*, 424 U.S. 409, 427, (1976)(prosecutor absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case"). Finally, § 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973).

### IV.     CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

Should Plaintiff desire to file a § 1983 civil rights action against detention center personnel because of the conditions under which he was confined, he may do so by filing a separate case. The Clerk should be directed to send him a § 1983 form complaint.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of August 2022.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE